IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| BETTCHER INDUSTRIES, INC.<br><br>                         Plaintiff,<br><br>vs.<br><br>SUHNER TURBO TRIM, LLC, et al.,<br><br>                         Defendants. | CIVIL ACTION NO.:<br>1:14-cv-02216-TCB<br><br><br><br><br><br>**STIPULATED PROTECTIVE ORDER** |

Plaintiff Bettcher Industries, Inc. ("Bettcher") and defendants Suhner Turbo Trim, LLC, Suhner Manufacturing, Inc. and Otto Suhner AG (together, "Suhner") anticipate that discovery in this action will require the production of documents and things and testimony containing commercially or technologically sensitive information requiring protection against unrestricted disclosure and use ("Confidential Material").  In the interest of expediting discovery and limiting disputes regarding access to such information, it is hereby stipulated and agreed, by and among each of the parties in the above-entitled action ("the Action"), through their undersigned counsel, as follows:

1.     This order for the protection of confidential information ("Protective Order") shall be applicable to and shall govern without limitation all documents,

materials, and information produced pursuant to Rule 26 disclosures, required disclosures under the Local Patent Rules, requests for production of documents and things, depositions, interrogatory answers, responses to requests for admissions, any other discovery or production of information required or authorized by the Federal Rules of Civil Procedure, the Local Patent Rules, court testimony, or matters of evidence in connection with the Action.

2.     Any party or non-party with a reasonable, good faith belief that any documents, materials, or information produced in this case are Confidential Material may, at the time of production, and by written notice as described herein, designate such documents, materials, or information as "Confidential" or "Highly Confidential."  The information so designated, collectively referred to herein as "Confidential Material," shall thereafter be subject to the provisions of this Protective Order.  A party making such designation shall be referred to herein as the "Designating Party."  A party receiving such Confidential Material shall be referred to herein as the "Receiving Party."

3.     Any documents, materials, or information to be designated Confidential Material may be so designated either by:

(a)     Furnishing a separate written notice to the counsel for the Receiving Party regarding such documents, materials, or information, at the time

of their production or as soon thereafter as practicable, specifically identifying the documents, materials, or information to be so designated (for example, by identifying the document number(s)) and their respective designations; or

(b)     Affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on such documents, materials, or information prior to their production.  Stamping such a legend on the cover of any multi-page document shall designate all pages of such document, unless otherwise indicated by the Designating Party.

4.     For purposes of this Protective Order, the term "Confidential" shall mean any and all documents, materials, or information concerning (1) commercially or technologically sensitive information, (2) trade secrets, as defined by Section 1(4) of the Uniform Trade Secrets Act or applicable state law, (3) personal identifying information, such as a Social Security number; or (4) personal health information protected by the Health Insurance Portability and Accountability Act.  For purposes of this Protective Order, the term "Highly Confidential" shall mean any and all Confidential Material that qualifies as "Confidential" and further relates to financial information about the party, future business plans, pending patent applications, customer information, product

formulation details, or any other matter the disclosure of which the Designating Party believes in good faith would result in competitive injury.

5.    The inadvertent production of any Confidential Material during discovery in the Action without a "Confidential" or "Highly Confidential" designation shall be without prejudice to any claim that such material is Confidential, Highly Confidential, privileged in any respect, or protected from discovery as trial preparation material, provided that, upon discovery of the omission of the "Confidential" or "Highly Confidential" designation, the party producing such material promptly provides a written notice to the parties to whom the material was produced identifying the material and the designation to be applied to that material.  No party shall be held to have waived any rights by such inadvertent production.  In the event that any document, material, or information that is subject to a claim of privilege or that is protected from discovery as trial preparation material is inadvertently produced, the party that received the document, material, or information shall return same, together with all copies thereof, to the producing party promptly after it receives a written notice from the producing party that the document, material, or information was produced inadvertently.

6.     Subject to the provisions of paragraphs 7, 9, and 14 below, Confidential information shall be disclosed only to:

a.     No more than two employees of each party, to be designated by each party in writing;

b.     This Court and any court to which an appeal might lie, including court personnel and trial jurors;

c.     Outside litigation counsel of record for the non-designating parties, together with their respective associate attorneys and office personnel employed or engaged in the preparation for, or aiding in the trial of, the Action;

d.     Outside vendors who perform microfiching, photocopying, computer classification, or similar clerical functions, but only for so long as and to the extent necessary to perform those services;

e.     Court reporters and other persons engaged in preparing transcripts of testimony of hearings in the Action;

f.     Outside experts and/or advisors consulted by counsel in connection with the Action, whether or not retained to testify at trial;

g.     Witnesses at any deposition in or trial of the Action, subject to the provisions of paragraphs 11, 12, and 13 of this Protective Order; and

h.      Any other persons to whom the Designating Party agrees in writing.

7.      Prior to being permitted access to Confidential Material subject to this Protective Order, any individual or business entity described in paragraphs 6(a), (d), (f), (g), and (h) shall sign the form of agreement annexed hereto as Appendix A.  The original of each agreement shall be retained by counsel of record for the party permitting disclosure.

8.      In the event that a party designates information as Highly Confidential, the information shall be treated the same as and shall be subject to the same procedures as set forth in this Protective Order for information designated "Confidential," except that such information shall be disclosed only to persons identified in subparagraphs b-h of Paragraph 6 above.

9.      All material designated Confidential Material in accordance with this Protective Order shall be used solely for the purposes of prosecuting or defending the Action and in connection with any appeals thereof.  It may not be used for any business or commercial purpose, or for any other litigations, administrative proceedings (including but not limited to the filing or prosecution of patent applications, patent reexamination proceedings or any manner of patent post-grant review), or dispute resolution procedures, except by written agreement with the

Designating Party or upon order of this Court after reasonable notice and a hearing at which the Designating and Receiving Parties shall have an opportunity to be heard.  No person receiving any material designated as Confidential or Highly Confidential shall disclose such material to any person other than those described above, and such disclosure shall be in accordance with the terms of this Protective Order.

10.     This Protective Order shall not be construed to apply to information which:

a.     Is or becomes publicly known through no fault of the Receiving Party; or

b.     The Receiving Party or its counsel has, subsequent to the date of receipt of the information from the Designating Party, lawfully obtained from a third party or independently developed.

11.     No person(s) other than the individuals described in paragraphs 6 or 8 who, as applicable, have executed the form of agreement annexed hereto as Appendix A shall be permitted to attend any deposition, hearing, or trial, unless the Court shall order otherwise, during the disclosure of Confidential Material.  This provision shall not act as a bar to attendance at such proceedings during the disclosure of other information.

12.     All documents, material, or information disclosed at a deposition shall be treated as Highly Confidential until thirty (30) days after the testimony is given, unless counsel for the parties agree to a different period of time.  During such period, any party to the Action may notify another in writing that designated portions of the transcript, specified by pages and lines thereof, are Confidential or Highly Confidential.  Such designated portions will then be treated as if so designated at the deposition.  Any portions not so designated within the thirty (30) day period may be used without restriction under this Protective Order, unless otherwise agreed in writing by the parties.

13.     Upon good faith assertion by counsel for the Designating Party that a question or line of questions at a deposition or hearing is likely to result in the disclosure of Confidential Material, any person not entitled under paragraphs 6 and/or 8 to access to Confidential Material shall leave the deposition or hearing until the question or line of questions is completed, unless otherwise ordered by the Court.  The Confidential Material disclosed at the deposition or hearing shall not, directly or indirectly, in whole or in part, be disclosed or made available to any person, except those persons falling within categories defined at paragraph 6 with respect to information designated as Confidential, or paragraph 8 with respect to information designated as Highly Confidential.

14.     Any documents (including briefs), tangible things or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by order of the Court in accordance with the procedures outlined in paragraph 12 of the Court's Instructions to Parties and Counsel.

a.     For documents filed other than during a hearing or trial, counsel shall electronically file with the Clerk a motion to seal that lists the document(s) that counsel wants filed under seal. Simultaneously, counsel shall email to Ms. Smilley (1) a proposed order granting the motion, and (2) a copy of each document that counsel wants filed under seal. Counsel should not send paper copies of the documents to chambers or to the Clerk's office. For tangible things other than documents, the parties shall deliver the items to Ms. Smilley in chambers along with a proposed order permitting the tangible things to be filed under seal.

The opposing party shall not be permitted to oppose the motion to file under seal. The Court will review, in camera, the documents and tangible things sought to be sealed. If the Court agrees that they should be sealed, the proposed order will be filed.

b.      A party who seeks to introduce protected documents, tangible things or information at a hearing or during trial shall orally advise the Court at the time of introduction that the documents, tangible things or information sought to be introduced are protected. The Court will review the protected documents, tangible things or information in camera, and make an oral ruling. The Clerk will file any such documents or tangible things under seal.

c.      If a party seeks to have only a portion of a document (including briefs) filed under seal, only that portion will be filed under seal, and counsel shall follow the process described above, simultaneously filing electronically a redacted version of the document filed under seal.

15.      Except as otherwise provided in Paragraph 16 below, within sixty (60) days after the conclusion of the Action and any appeals arising therefrom, all originals and copies of Confidential Material, other than material provided to the Court or Court personnel, shall be destroyed and a written statement certifying destruction shall be sent to opposing counsel.  Alternatively, at the option of the Designating Party, and at that party's expense, a party may request all Confidential Material it produced be returned for its own disposition.  Except for Confidential Material included in counsel's work product that is securely stored, all extracts from Confidential Material, summaries, and compilations thereof, and all written,

graphic, and recorded versions of information therein, shall be destroyed by each Receiving Party and a certificate of destruction shall be provided by the Receiving Party.  The conclusion of the Action shall not relieve any person who has received Confidential or Highly Confidential material pursuant to this Protective Order from the obligation to maintain the confidentiality of such material and the information contained therein.

16.     After the conclusion of the Action and any appeals arising therefrom, counsel of record may retain such copies of any Confidential Material produced under this Protective Order as such counsel reasonably deems necessary to the proper maintenance of counsel's files with respect to this action.  Such copies shall not be disclosed to anyone outside of counsel of record's firm.  If a subpoena or other compulsory process is received by counsel of record requesting such Confidential Material, counsel of record retaining the copy of the Confidential Material shall object to the production of the Confidential Material based on the obligations of non-disclosure under this Protective Order and shall notify the Designating Party so that party may intervene and seek protection of its Confidential Material if it so chooses in the forum that issued the compulsory process.

17.     If any documents, information, or testimony are designated as

Confidential or Highly Confidential, but are not believed in good faith to be

Confidential or Highly Confidential by any Receiving Party, that party shall notify

the Designating Party, in writing, and request a release of confidentiality.  If such a

release is not forthcoming within five (5) days, the objecting party may apply to

the Court for an order requiring the release of confidentiality.

18.     If any party hereto contends that any document, material, or

information treated as Confidential or Highly Confidential, or otherwise subject to

this Protective Order, is not entitled to such protection, the document, material, or

information will nevertheless be treated as designated by the Designating Party

until the Receiving Party either obtains written permission from the party

furnishing the document, material, or information to do otherwise, or obtains an

order from the Court finding that the document, material, or information does not

constitute Confidential Material.  On any motion to the Court regarding a claim of

confidentiality, the party seeking to assert same shall have the burden of proof and

shall comply with the provisions of paragraph 10 to file any Confidential Material

under seal.  The designation of a document, material, or information as

Confidential or Highly Confidential shall not create any presumption with regard

to the actual confidentiality of such document, material, or information.  Nor shall

it affect the burden of proof necessary for obtaining an appropriate order from the Court.

19.     This Protective Order shall be without prejudice to the right of the parties to:

      a.     Bring before the Court at any time, subject to the procedural requirement of paragraph 17, the question of whether any particular document, material, or information is Confidential Material or whether its use should be restricted; or

      b.     Present a motion to the Court for a separate protective order, or other appropriate relief, as to any particular document, material, or information, including restrictions differing from those specified herein.

20.     This Protective Order shall not be deemed a waiver of any party's right to:

      a.     Object to any discovery request on any ground;

      b.     Seek an order compelling discovery with respect to any discovery request; or

      c.     Object to the admission of any evidence, on any grounds, in any proceeding.

- 13 -

21.     If Confidential or Highly Confidential documents, materials, information, or things are produced or disclosed without having been so designated, future disclosure of the documents, materials, information, or things may be restricted in accordance with this Protective Order by notifying the receiving parties in writing of the change in or addition of such restrictive designation with respect to the documents, materials, information, or things.  The receiving parties shall then take reasonable steps to prevent any further disclosure of such newly designated Confidential or Highly Confidential documents, materials, information, or things, except as permitted by this Protective Order.

22.     If Confidential or Highly Confidential documents, materials, or information designated in accordance with the procedures of this Protective Order are disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the counsel of record for the party whose Confidential Material was disclosed and, without prejudice to any other rights and remedies of the provider, make every effort to prevent further disclosure by it or by the person or entity who was the recipient of such documents, materials, or information.

23.     The Court shall retain jurisdiction even after termination of the Action to enforce this Protective Order and to make such amendments, modifications, deletions, and additions to this Protective Order as the Court may from time to time deem appropriate.  The parties hereto may apply to the Court at any time, before or after termination, for an order modifying this Protective Order or seeking further protection against discovery or use of Confidential or Highly Confidential documents, materials, or information.

24.     Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence.

25.     The designation of documents, materials, and information as Confidential or Highly Confidential pursuant to this Protective Order shall not preclude any party from disclosing the information to any person whose name appears on the document as the author or as a recipient thereof, or from disclosing the information to any person who has been identified by the Designating Party as having been previously provided with the document or the information therein.

26.     Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering advice to a client with respect to the Action, and, in the course thereof, referring to or relying in a general way upon the attorney's examination of Confidential Material produced or exchanged hereunder.  Provided,

however, that in rendering such advice and in otherwise communicating with their client, the attorney shall not disclose the contents or source of any Confidential Materials produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

27.    In the event anyone shall violate or threaten to violate any terms of this Protective Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Protective Order.  In the event the aggrieved party shall do so, the respondent person subject to the provisions of this Protective Order shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy of law.

28.    Notwithstanding any of the above, parties may make general references to Confidential Material in pleadings, motions, or briefs, provided that the substance of the Confidential Material is not revealed.

29.    The parties agree to submit this Protective Order to the Court for the Court's approval, and further agree that, until this Protective Order is approved and entered by the Court, it shall be effective as between the parties as if so approved and entered.

Dated:        August 29, 2014

**BAKER & HOSTETLER LLP**

By:  /s/ Thomas H. Shunk
Thomas H. Shunk  (*pro hac vice*)
tshunk@bakerlaw.com
David E. Kitchen  (*pro hac vice*)
dkitchen@bakerlaw.com
1900 East 9th Street, Suite 3200
Cleveland, OH  44114-3482
Telephone: 216.621.0200
Facsimile:  216.696.0740

By: /s/ Jason P. Grier
Katrina M. Quicker (Ga Bar No. 590859)
kquicker@bakerlaw.com
Jason P. Grier (Ga Bar No. 869343)
jgrier@bakerlaw.com
1180 Peachtree Street, NE, Suite 1800
Atlanta, GA  30309-7512
Telephone: 404.459.0050
Facsimile:  404.459.5734

George L. Pinchak (OH Bar No.
0056196)
TAROLLI, SUNDHEIM, COVELL &
TUMMINO LLP
Suite 1700
1300 E. 9th Street
Cleveland, Ohio 44114
Telephone: (216) 621-2234
Facsimile: (216) 621-4072

Attorneys for Plaintiff
BETTCHER INDUSTRIES, INC.

Respectfully submitted,

**BRINSON, ASKEW, BERRY,
SEIGLER, RICHARDSON &
DAVIS, LLP**

By:   /s/ Robert L. Berry
Robert L. Berry (Georgia Bar No.
055650)
A. Franklin Beacham III (Georgia
Bar No. 043743)
P.O. Box 5007
Rome, Georgia 30162-5007
Tel.: 706.291.8853
Fax: 706.234.3574

Michael A. Bertelson (Ga. Bar No.
055695)
KILPATRICK, TOWNSEND &
STOCKTON,
LLP
Suite 2800, 1100 Peachtree Street
NE
Atlanta, Georgia 30309-4528
Tel.: 404.815.6291
Fax: 404.541.3467

Attorneys for Defendants
SUHNER TURBO TRIM, LLC,
SUHNER MANUFACTURING,
INC., AND OTTO SUHNER AG

IT IS SO ORDERED, this ___5th___ day of ___September___, 2014.

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BETTCHER INDUSTRIES, INC.

                Plaintiff,

vs.

SUHNER TURBO TRIM, LLC, et al.,

                Defendants.

CIVIL ACTION NO.:
1:14-cv-02216-TCB

**STIPULATED PROTECTIVE ORDER**

## APPENDIX A

I, _____, have read the foregoing Protective Order dated _____

_____, 2014 (the "Protective Order") in the above-captioned action and

agree to be bound by its terms with respect to any documents, material, or

information designated as "Confidential" and/or "Highly Confidential"

(collectively, "Confidential Material") furnished to be as set forth in the Protective

Order.

     I further agree not to disclose to anyone any documents, material, or

information designated as Confidential Material other than as set forth in the

Protective Order.

I hereby consent to the jurisdiction of the United States District Court for the Northern District of Georgia, with regard to any proceedings to enforce the terms of the Protective Order.

I hereby agree that any documents, materials, or information designated as Confidential Material and furnished to me will be used by me only for the purposes permitted by the Protective Order and for no other purpose, including any business, commercial, professional, educational, personal, or any other purpose whatsoever, and will not be imparted by me to any other person except to the extent permitted under the Protective Order.

I further agree to return any and all documents, materials, or information designated as Confidential Material, together with all copies I may have made thereof, including any notes, memos, or the like I may have made that contain or reflect any such Confidential Material, to the attorney(s) that furnished me with any such documents, materials, or information (a) at the conclusion of the Action (as defined in the Protective Order); (b) at the conclusion of my engagement in connection with the Action; or (c) at the request of the attorneys who furnished me with such documents, materials, or information.

_____

-2-